**WALT DISNEY PRODUCTIONS, Inc. et al. v. SOUVAINE SELECTIVE PICTURES, Inc. et al.**

United States District Court
S. D. New York.
July 11, 1951.

James V. Hayes, New York City (Donovan, Leisure, Newton, Lumbard & Irvine, New York City, for plaintiffs for the motion.

Simon H. Rifkind, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, New York City), for defendant Souvaine Selective Pictures, Inc., opposed.

· Milton Weisman, New York City (Weisman, Celler, Quinn, Allan & Spett, New York City), for defendants Picto Corp. and Harry A. Brandt, opposed.

HOLTZOFF, District Judge (sitting by designation).

The plaintiffs have produced a motion picture entitled "Alice in Wonderland". It is based on Louis Carroll's immortal classic of the same name. The defendants have also made a picture by the same title based on the same book. Both pictures are scheduled to be shown in New York at two different theatres at about the same time. The plaintiffs have brought suit to enjoin the defendants from producing their picture on the ground of unfair competition.

This matter is now before this Court on an application for a preliminary injunction to enjoin the showing of the defendants' picture. The plaintiffs claim that they have acquired property rights by reason of vast sums of money that they have expended in making their picture and in advertising it to the public, so that the title "Alice in Wonderland" has acquired a secondary meaning. Admittedly the book "Alice in Wonderland" is no longer subject to copyright and is as much in the public domain as are Shakespeare's plays. Anyone has a legal right to make a picture based on Louis Carroll's book and entitled "Alice in Wonderland".

Both sides have been working on their respective pictures for a number of years. Apparently the plaintiffs' production is much more costly and evidently has been more widely advertised, and at greater expense.

The Court is unable to perceive that these circumstances give the plaintiffs an equitable right to secure an injunction against the simultaneous showing of the defendants' picture. This is the sort of competition that perhaps should be encouraged rather than suppressed. In any event, irrespective of that consideration, it seems to the Court that under the circumstances

disclosed in this case the plaintiffs have not acquired any right to exclude others from producing or showing simultaneously and in the same neighborhood a rival portrayal of "Alice in Wonderland".

■■ The Court might also add that a preliminary injunction is a very drastic remedy and ordinarily is not granted except to maintain the status quo, and even then on a very substantial showing. In this instance to grant the injunction prayed for would practically award to the plaintiffs all of the relief to which they would be entitled were they to prevail at a trial on the merits. Such a preliminary injunction is granted only in unusual situations.

In the light of these considerations the application for a preliminary injunction is denied.